IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GUNNAR GEORGE TEMPEST,

Plaintiff,

v.

ZOURE DAOUDA,

Defendant.

OPINION and ORDER

25-cv-530-jdp

---

Plaintiff Gunnar George Tempest, who is incarcerated at Wisconsin Secure Program Facility (WSPF), alleges that after he had major shoulder surgery in September 2024, he wasn't placed in a cell with a disability-accessible shower. Tempest brings Eighth Amendment medical care and Wisconsin-law medical negligence claims against a nurse practitioner at WSPF, defendant Zoure Daouda, who made that decision. Tempest is proceeding without counsel.

Because Tempest proceeds without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Tempest's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a plausible claim for relief, but I will allow Tempest to amend the complaint to fix that problem.

ALLEGATIONS OF FACT

Tempest had full shoulder reconstruction surgery because his muscles, ligaments, and tendons were completely detached from his shoulder bones. After surgery, Zoura denied

Tempest's request to be assigned to a "special medical cell." Dkt. 1 at 2. Special medical cells have showers with anti-slip floors, handrails, and chairs. Even though the surgeon gave Tempest a "special packet," Tempest failed to receive a "recovery packet" or verbal instructions from WSPF medical staff. *Id.*

Tempest attempted to shower six days after surgery but he slipped and fell. Tempest suffered several injuries from the fall, including two ruptured discs in his neck, a concussion, worsening vision and hearing, and right arm numbness.

ANALYSIS

A.  Eighth Amendment

The Eighth Amendment prohibits prison officials from consciously disregarding an excessive risk to prisoner health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To state a claim based on conscious disregard of health or safety, Tempest must plausibly allege that (1) he faced an objectively serious risk of harm that (2) Zoura consciously disregarded. *See Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). The basic rule is that "slippery surfaces . . . in prisons, without more, cannot constitute a hazardous condition of confinement." *Pyles v. Fahim*, 771 F.3d 403, 410–11 (7th Cir. 2014).

Tempest has not plausibly alleged that Zoura consciously disregarded any potentially serious need for a special shower. By itself, the allegation that Tempest had major shoulder surgery fails to plausibly suggest that he could not safely shower without accommodations six days after his surgery. Tempest's allegations suggest that he had limited use of his right arm, but that fact alone does not suggest that he was incapable of safely showering without accommodations, much less that Zoure thought that to be the case. Tempest alleges that his

surgeon gave him a "special packet," but he does not describe its contents or allege that the surgeon recommended accommodations while showering. I will not allow Tempest to proceed on his Eighth Amendment claim against Zoure.

Tempest also faults medical staff for failing to give him a recovery packet or verbal instructions even though the surgeon gave him a special packet. I will not allow Tempest to proceed on this allegation for two reasons. First, Tempest did not name the medical staff members who committed this conduct as defendants in the complaint's caption. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). Second, more substantively, this allegation is too vague to plausibly suggest that any medical staff member consciously disregarded his health or safety. Tempest has not described a recovery packet or explained what instructions he required or how his failure to receive those instructions or a recovery packet contributed to his fall or any medical problem. Tempest alleges that the surgeon gave him a special packet but, again, the packet's significance is not clear from the complaint.

## B.  State-law medical negligence claim

Without a federal claim, the court would not have jurisdiction over Tempest's medical negligence claim on the basis of diversity because he is a Wisconsin citizen and nothing in the record suggests Zoure has different citizenship. *See* Dkt. 1 at 1.

When all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). I'll follow that practice here and relinquish jurisdiction over Tempest's medical negligence claim without evaluating its merits. If Tempest amends his complaint, he may include the state-law claim. If the amended

complaint states a viable federal claim, I'll consider whether he states a viable state-law claim for medical negligence.

## CONCLUSION

Tempest hasn't stated a plausible Eighth Amendment claim based on conscious disregard of health or safety, but I will give him one opportunity to file an amended complaint to fix the problems with this claim. In drafting his amended complaint, Tempest should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in or cause a violation of his Eighth Amendment rights. Tempest must take care to allege what each defendant did, or failed to do, to violate his Eighth Amendment rights.

- Tempest should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Tempest believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals whom he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

## ORDER

IT IS ORDERED that:

1. Plaintiff Gunnar George Tempest's complaint, Dkt. 1, DISMISSED for failure to state a plausible claim for relief.

4

2.  Plaintiff may have until March 2, 2026, to submit an amended complaint that fixes the problems identified in this order.

3.  Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4.  If plaintiff fails to comply with this order, I may dismiss this case.

5.  Plaintiff must inform the court of any new address. If he fails to do this and defendant or the court cannot locate him, this case may be dismissed.

6.  Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

7.  The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered January 30, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge